IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| GRAHAM'S LIGHTING FIXTURES, INC., | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Lawrence Slater who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7-11 below, Mr. Slater was laid off in retaliation for protesting practices made unlawful by Title VII.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Graham's Lighting Fixtures, Inc. (the "Employer"), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lawrence Slater, African American, filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about July 5, 2007, Defendant Employer engaged in unlawful employment practices at its Memphis, Tennessee, facility, in violation of Section 2000e-3(a) of Title VII, 42 U.S.C. § 2000e-3, when it permanently laid off or discharged Lawrence Slater from his job as Tinsmith in the Lantern Department in retaliation for complaining of unlawful employment practices on July 2, 2007.

8. The unlawful practices Mr. Slater complained about to the General Manager on July 2, 2007, included a racial slur he heard his Caucasian manager use when speaking to a supervisor in the work place about another African American employee.

9. Defendant claims that Mr. Slater was permanently laid off from his job as Tinsmith in the Lantern Department due to lack of work on or about July 5, 2007, but Mr. Slater, who had been employed since August 20, 2003, was the only employee laid off in the Lantern Department.

10. Defendant claims that Mr. Slater was permanently laid off from his job as Tinsmith in the Lantern Department due to lack of work on or about July 5, 2007, yet Defendant ran ads beginning June 27, 2007, seeking employees to work as tinsmiths at its facility.

11. Defendant claims that Mr. Slater was permanently laid off from his job as Tinsmith in the Lantern Department due to lack of work on or about July 5, 2007, yet Defendant hired one new employee to work as a Tinsmith in the Lantern Department on June 25, 2007, a second new employee as a Tinsmith in the Lantern Department on July 9, 2007, and a third new employee as a Tinsmith in the Lantern Department on July 18, 2007.

12. The effect of the practices complained of in paragraphs 7-11 above has been to deprive Lawrence Slater of equal employment opportunities and otherwise adversely affect his status as an employee because of his complaint about unlawful practices.

13. The unlawful employment practices complained of in paragraphs 7-11 above were done with malice or with reckless indifference to the federally protected rights of Lawrence Slater.

14. The unlawful employment practices complained of in paragraphs 7-11 above were intentional.

15. Since at least July 5, 2007, Defendant Employer has willfully failed, in violation of Section 711(a) and (b) of Title VII, 42 U.S.C. § 2000e-10(a) and (b), to post and keep posted a notice which has been prepared or approved by the Commission setting forth excerpts from or

summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

16. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discharging an employee in retaliation for complaining about unlawful employment practices.

17. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who complain about employment practices made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

18. Order Defendant Employer to make whole Lawrence Slater, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, restitution for lost benefits, restoration of all benefits of employment and front pay in lieu of reinstatement of Lawrence Slater.

19. Order Defendant Employer to post and keep posted notices in accordance with the provisions of Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a) and assess appropriate civil fines against the Defendant pursuant to Section 711(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-10(b).

20. Order Defendant Employer to make whole Lawrence Slater, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-11 above, in amounts to be determined at trial.

21. Order Defendant Employer to make whole Lawrence Slater by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-11 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

22. Order Defendant Employer to pay Lawrence Slater punitive damages for its malicious and reckless conduct described in paragraphs 7-11 above, in amounts to be determined at trial.

23. Grant such further relief as the Court deems necessary and proper in the public interest.

24. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/FAYE A. WILLIAMS (with permission CSL)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

s/CELIA S. LINER
**CELIA S. LINER**
Senior Trial Attorney
Arkansas Bar No. 90183

1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0075

s/WILLIAM A. CASH, JR. (with permission CSL)
**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
Arkansas Bar No. 88081

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
820 Louisiana, Suite 200
Little Rock, AR  72201
(501) 324-5065